**COUNTRY GARDEN MARKET, Inc., v.
BOWLES, Administrator of Price
Administration.**

No. 8693.

United States Court of Appeals
District of Columbia.

Argued Feb. 21, 1944.

Decided March 6, 1944.

Mr. Albert Brick, for appellant.

Mr. Fleming James, Jr.,* Director, Litigation Division, Office of Price Adminis-

---

[9] Mead v. Phillips, 77 U.S.App.D.C. 365, 371, 135 F.2d 819, 825, 147 A.L.R. 322, and authorities there cited.

[10] 7 Cranch *370, 381, *382, 3 L.Ed. 374.
* Appeared by authority of the Price Administrator. 7 Fed. Reg. 7910.

tration, of Washington, D. C., for appellees. Messrs. Harry L. Shniderman,* Attorney, Thomas I. Emerson,* Deputy Administrator for Enforcement, and David London,* Chief, Appellate Branch, all of the Office of Price Administration, all of Washington, D. C., entered appearances for appellees.

Before GRONER, Chief Justice, and MILLER and ARNOLD, Associate Justices.

PER CURIAM.

The defendant as Administrator of the Office of Price Administration entered an order prohibiting the plaintiff from receiving for sale or selling certain foods for a period of fifteen days. Plaintiff seeks an injunction restraining the enforcement of this order.

The order was entered after a hearing conducted to ascertain whether plaintiff had violated rationing orders pertaining to its sale of meat. The Hearing Commissioner found that plaintiff had violated Rationing Order No. 16 by selling or offering to sell at reduced point value meat which was not in imminent danger of spoiling, by not posting a sign which complied with the regulation, and by not acting in good faith as required by the regulation.

The principal points raised in this appeal are as follows:

(1) That there is no substantial evidence which justifies the findings and issuance of the suspension order;

(2) That the notice of the hearing before the Special Hearing Commissioner did not apprise appellant sufficiently to enable appellant to prepare a defense;

(3) That the Office of Price Administration has no authority to set up administrative courts and to issue suspension orders;

(4) That the suspension order is a penalty, the imposition of which is beyond the authority delegated to the Office of Price Administration;

(5) That the powers delegated to the Office of Price Administration constitute an unconstitutional delegation of legislative power.

All the points raised, except (1) and (2) supra, which relate to the sufficiency of the evidence and notice of the hearing, were decided adversely to appellant's contentions by this court in the case of Steuart & Bro. v. Bowles, Administrator, 1944, 78 U.S.App.D.C. 350, 140 F.2d 703.

The trial court found that there was substantial evidence to justify a finding of violation of the rationing orders. The record amply justifies that finding. There is no merit in appellant's contention that the notice of hearing was not sufficient.

Affirmed.

---

* Appeared by authority of the Price Administrator. 7 Fed. Reg. 7910.