Ernest E. BYRD, Petitioner,

v.

DISTRICT OF COLUMBIA ALCOHOLIC
BEVERAGE CONTROL BOARD,
Respondent.

No. 5919.

District of Columbia Court of Appeals.

Submitted Jan. 17, 1972.

Decided April 17, 1972.

Rehearing Denied May 4, 1972.

Michael Ritz, Jr., Washington, D. C., for petitioner.

C. Francis Murphy, Corp. Counsel, Richard W. Barton and Earl A. Gershenow, Asst. Corp. Counsels, for respondent.

Before HOOD, Chief Judge, KELLY, Associate Judge, and QUINN, Associate Judge, Retired.

PER CURIAM:

Petitioner seeks reversal of an order of the District of Columbia Alcoholic Beverage Control Board (the Board) suspending him from "all officerships and/or directorships" and from "any active role in the management" of five corporations, restaurants and bars, licensed with the Board pending final disposition of criminal charges against petitioner in the United States District Court.

The Board's action was taken pursuant to an order to show cause why the corporate appliications for renewal of retail Class "C" liquor licenses should not be denied on the grounds that petitioner, a principal officer in each of the corporations, failed to possess the "good moral charac-

ter" required by the District of Columbia Alcoholic Beverage Control Act. D.C. Code 1967, § 25–115(a)1 (Supp. IV, 1971). The show cause order alleged that petitioner at a specific date, time and public place carried a dangerous weapon and assaulted two persons, one of whom was wounded, with a .38 caliber revolver—the incident out of which the criminal charges grew. From substantial evidence in the record the Board found that petitioner "cannot be deemed generally fit for the trust in him reposed under section 14(a)1 of the Act" (D.C.Code 1967, § 25–115(a)1 (Supp. IV, 1971) and granted renewal of the licenses subject to the personal suspension of petitioner.

■ Petitioner makes three arguments.[1] First he contends that due process was denied him because the Board failed to find, pursuant to § 25–115(a)1, that he lacked "good moral character" as charged but instead pinned its decision on a finding that he was not "generally fit for the trust in him reposed". The short answer to this contention is that, under the statute, the Board may deny renewal of a license on a finding of unfitness, a determination in which the applicant's "moral character" plays an essential part, and, as appears from the record, petitioner contemplated and directed his defense in relation to the former element as well as the latter.[2]

■ Secondly petitioner contends· that the Board's order was tainted by prejudice pointing mainly to the actions of one member of the Board. We are unable to find convincing support for petitioner's assertion and believe he was accorded an abundantly fair opportunity to defend.

■ Lastly it is argued that the order is too vague to be enforceable. The order,

suspending petitioner from any means of actively managing the five corporations, was sufficiently definite to apprise him of the particular conduct proscribed. Accordingly, the order of the Board is

Affirmed.

KELLY, Associate Judge (dissenting) :

By letter of April 16, 1971, the Mayor-Commissioner of the District of Columbia informed petitioner's counsel that after reviewing the record of the hearing and after consideration of written arguments filed on appeal, he proposed to adopt the findings and order of the Alcoholic Beverage Control Board suspending petitioner from all officerships and/or directorships in certain corporations, suspending him from any active role in the management of the business of these corporations, and suspending all Alcoholic Beverage Control Board manager's certificates theretofore issued to petitioner. Counsel was granted permission to submit exceptions or argument in writing to the Commissioner within ten days.

Thereafter, counsel filed written exceptions to the proposed order in which he alleged that the Board's decision was "predicated on prejudice against the petitioner" rather than on the facts of the case. Serious charges of impropriety were made against one member of the Board centering on the substance of telephone conversations between that member and petitioner's counsel and on the fact that the Board member had sent an allegedly unsolicited copy of the Board's findings and order to the federal judge before whom criminal charges against petitioner, as well as related civil matters, were pending. A response from the Board to petitioner's exceptions was requested and received by the Commissioner,[1] who, thereafter, formally

1. A serious question, not raised here, is whether the Board had the authority to impose the sanction it did. *See* Press Liquors, Inc. v. Weakley, 115 U.S.App. D.C. 71, 73, 317 F.2d 135, 137 (1963).

2. Minkoff v. Payne, 93 U.S.App.D.C. 123, 210 F.2d 689 (1953) makes clear that the

same qualifications required for an original license apply to renewals.

1. Separate responses were made by the two Board members who decided the case. The third member of the Board had disqualified himself at the outset of the hearing.

affirmed and adopted the Board's findings. Copies of the responses were not sent to counsel when made and the copies sent to him thereafter at his request were not received until the petition for review was filed in this court. As a result, and in order to refute statements of one Board member to the Commissioner, the petition for review was supplemented with a transcript of one telephone conversation, prepared by the Internal Investigations Unit of the Metropolitan Police Department, which Unit had recorded the conversation with the consent of petitioner's counsel.

Since we are apprised of this additional evidence which petitioner was effectively precluded from presenting on his appeal to the Commissioner, and since in my judgment the effect of this evidence upon the administrative proceedings should first be assessed by the Commissioner, I would remand the case for that purpose rather than decide it on the merits.